## Case No. 17,745.
### WILLIAMS v. WATERMAN.
[1 Betts, D. C. MS. 6.]

District Court, S. D. New York. June Term, 1844.

SEAMEN'S WAGES — FORFEITURE — EMBEZZLEMENT OF CARGO.

[Embezzlement of pieces of the cargo by a seaman does not necessarily work a forfeiture of all his wages, and, if the amount of his wages exceed the value of the things embezzled, he will be decreed the excess.]

[This was a libel by George Williams against Edward A. Waterman to recover seaman's wages.]

R. L. Benedict, for libellant.

J. Coit, for respondent.

BY THE COURT. The question in this case turns upon the sufficiency of the defence as a bar to the action. The libellant's right to recover wages is resisted upon the allegation that he had embezzled two pieces of cotton goods, part of the outward cargo of the vessel, worth from $5 to $6 each at Valparaiso, where the embezzlement is charged to have taken place. The amount of the goods at this valuation is not equal to the sum due for wages.

First, then, as to the fact: The testimony if not direct and certain beyond all possible doubt, is yet so strong as to impose on the libellant the necessity of proving when and where he obtained the goods. They were sold by him to one of the crew on the arrival of the vessel in this port for about $4, he alleging that he had purchased them here and taken them out on the voyage. The mate proves that a sample piece was taken from each case of goods to send on shore at Valparaiso, and that he pinned on each a written ticket giving the number of the case from which it was taken, and that the clerk on shore reported two of the sample pieces missing. The pieces remained in the vessel accessible to the libellant and the rest of the crew, after being separated from their cases a considerable period, waiting an opportunity to send them ashore; and that he found

the same tickets on these pieces here on the return of the vessel to port. Although the testimony is open to some criticism with respect to the ability of the witnesses to identify these specific articles, yet together the evidence is sufficiently direct and cogent to call upon the libellant to explain his possession of these goods, and in fault of such evidence to stand chargeable with the embezzlement. It is true that all the others of the crew had an equal opportunity to abstract the goods, and some of them might have done it, and the libellant be merely a receiver afterwards, or possibly a casual finder of them as concealed or abandoned by the real taker. Such vague suppositions, however, are not to outweigh the presumption arising from the goods being in his possession, and being clandestinely disposed of below their value on his return, and his representations of the manner of acquiring them are not supported by proof, and not very consistent with probability. The evidence in this case would be sufficient, according to the old rule of law, to charge the value of the goods lost to the crew at large, if the embezzlement could not be fixed upon any individual, and finding the missing goods in his possession is auxiliary evidence to the fact of embezzlement, as well as exculpatory of the rest of the crew.

Secondly. The act of embezzlement does not necessarily work a forfeiture of all the wages. The doctrine stated by Abb. Shipp. 472, is well supported by the cases referred to, and also by the American cases cited in the note. Edwards v. Sherman [Case No. 4,298]. It rests upon the doctrine that the owners are only entitled to remuneration for their loss from the sailors. The punishment of a public prosecution for the offence may well be prosecuted against the seamen also, notwithstanding such satisfaction of damages. A different rule obtains in salvage, for there an embezzlement by a sailor, without regard to value, extinguishes his claim to salvage compensation. The Blaireau, 2 Cranch [6 U. S.] 240; The Boston [Case No. 1,673]; The Dove [Id. 4,035].

The libellant therefore must stand charged with the amount of this property (at the lowest valuation of the master, $10), and also with $13, agreed by the counsel to have been received in clothing on the voyage; and, if there then remains a balance, he will take a decree therefor, with costs. The usual reference to the clerk will be taken to ascertain the state of the account.

Decree: It is considered that the libellant recover his wages at the rate of $13 per month for the time he served as cook, and at the rate of $14 per month for the period he served as steward, and that he be charged with $10, the value of the goods embezzled by him on the voyage, and with $13 for clothing furnished him; and it is referred to the clerk to compute and ascertain the amount due him (making all other proper allowances and deductions), and report thereon with convenient speed to the court.